1

2

3

4 UNITED STATES DISTRICT COURT

5 NORTHERN DISTRICT OF CALIFORNIA

6 EUREKA DIVISION

7

8 WESLEY IRVIN NUNN,                          Case No.  15-cv-01820-NJV

Petitioner,

9                                             **ORDER DISMISSSING CASE FOR**
v.                                          **LACK OF SUBJECT MATTER**
10                                            **JURISDICTION**

11 MELISSA A. LEBLANC,
*also known as* Melissa LeBlanc-Fenwick,
12
Respondent.

13

14        This is a Petition for Judicial Enforcement of Rescission, Quiet Title, and Damages.  The

15 lengthy litigation history associated with this case was previously set forth by District Judge

16 Phyllis J. Hamilton as follows:

17
Plaintiff Wesley I. Nunn was at one time involved in a romantic relationship
18        with Jennifer Fenswick, the mother-in-law of Melissa LeBlanc (now Melissa
Fenswick), defendant herein.  At the conclusion of the relationship in 2004, Mr.
19        Nunn agreed to deed certain real property to Ms. LeBlanc ("the Meridian Street
property") in exchange for a release of claims that Jennifer Fenswick had against
20        him.  Mr. Nunn signed the grant deed on May 24, 2004, and Ms. Fenswick signed
the release on June 15, 2004.
21
Mr. Nunn and Jennifer Fenswick had a falling-out, and litigation ensued
22        regarding money and property.  First, Ms. Fenswick sued Mr. Nunn in a 2005
action filed in the Superior Court of California, County of Del Norte (<u>Fenswick v.</u>
23        <u>Nunn</u>, No. CVUJ05-1431), alleging she was entitled to compensation under an oral
agreement to share equally in the benefits of property acquired during the
24        relationship.  Mr. Nunn filed a counterclaim alleging that Ms. Fenswick had
fraudulently induced him to transfer the Meridian Street property to Ms. LeBlanc
25        by signing a release she did not intend to be bound by.  Shortly thereafter, Mr.
Nunn sued Melissa LeBlanc, also in Del Norte County Superior Court (<u>Nunn v.</u>
26        <u>LeBlanc</u>, No. CVUJ05-1527), seeking damages for fraud, and rescission of the
agreement to transfer the Meridian Street property to her.  The Superior Court []
27        denied Mr. Nunn's motion to consolidate the two cases.

28

United States District Court
Northern District of California

On April 6, 2009, following a court trial, the Superior Court entered judgment in <u>Fenswick v. Nunn</u> (No. CVUJ05-1431).  The court found that the release signed by Ms. Fenswick was a valid release, that neither party had fraudulently induced the other for any purpose, and that neither had been unjustly enriched at the expense of the other.  The court awarded Mr. Nunn approximately $7,900 in damages for unauthorized credit card charges made by Ms. Fenswick.

In August 2009, the Superior Court dismissed <u>Nunn v. LeBlanc</u> (No. CVUJ05-1527) on res judicata and collateral estoppel grounds, finding that the issues had been resolved by the findings made by the trial judge in <u>Fenswick v. Nunn</u> (No. CVUJ05-1431).  Mr. Nunn apparently did not appeal.

Instead, on September 14, 2009, Mr. Nunn filed another suit against Melissa LeBlanc in the Del Norte County Superior Court, in <u>Nunn v. LeBlanc</u> (No. CVUJ09-1323). In sustaining the demurrer, the Superior Court found that the gravamen of the complaint was that Mr. Nunn had entered into a written contract that provided that he would not be sued, in exchange for consideration in the form of a parcel of real estate; and that he was sued and thus was seeking return of the consideration.  The court found that the statute of limitations for a claim of breach of written contract had run, and that Mr. Nunn's claims were time-barred.  Mr. Nunn appealed, and the Court of Appeal issued a decision on February 6, 2012, affirming the judgment.  <u>See</u> <u>Nunn v. LeBlanc</u>, 2012 WL 363104 (A132141, Cal. Ct. App., Feb. 6, 2012).

On March 30, 2011, Mr. Nunn filed suit in this court against Jennifer Fenswick and Melissa LeBlanc (<u>Nunn v. Fenswick</u>, No. C-11-1545 NJV).  On July 18, 2011, having found that the claims in plaintiff's state court case (No. CVUJ09-1323) were identical to those in the federal case (C-11-1545 NJV), the court stayed the federal case because the state court case had been dismissed and that dismissal was on appeal.  On March 28, 2012, after the California Court of Appeal affirmed the judgment of dismissal in CVUJ09-1323, the stay of the federal case was lifted, and on April 19, 2012, the federal case was dismissed.

Meanwhile, on March 21, 2012, Mr. Nunn filed yet another suit (his third) against Melissa Fenswick (formerly LeBlanc) in the Del Norte County Superior Court, <u>Nunn v. Fenswick</u> (No. CVUJ12-1104), asserting claims for declaratory relief, quiet title, and damages for mesne profits (lost rents), and seeking return of the Meridian property.  He alleged that Jennifer Fenswick had rescinded the settlement agreement and release of claims, and that he was entitled to a return of the Meridian Street property before she filed her 2005 lawsuit seeking damages.

Melissa Fenswick (formerly LeBlanc) demurred to the first amended complaint, and the court sustained the demurrer without leave to amend, finding that the claims were barred by the statute of limitations and res judicata, as they were based on facts already litigated and decided on the merits in the previous lawsuits.  Mr. Nunn appealed the dismissal, and on September 27, 2013, the Court of Appeal issued a decision affirming the judgment of dismissal.  <u>See</u> <u>Nunn v. Fenswick</u>, 2013 WL 5405321 (A137415, Cal. Ct. App., Sept. 27, 2013).  In particular, the court found that the suit was seeking the same relief as Mr. Nunn's previous suit (CVUJ09-1323), on essentially the same theory.

On February 28, 2014, Mr. Nunn filed the present action (his second federal suit), against Melissa LeBlanc aka Melissa Fenswick.  Mr. Nunn alleges that because the <u>Fenswick v. Nunn</u> action (CVUJ05-1431) proceeded to trial for a

judicial determination as to the validity of the release and settlement (but without Melissa LeBlanc as a party, and without a cause of action for rescission), and because after finding the release valid, the Superior Court proceeded to rule that Mr. Nunn's "rescission for fraud" claim in Nunn v. LeBlanc (CVUJ05-1527) was precluded by res judicata based on the judgment in Fenswick v. Nunn, he was still entitled to pursue a separate claim for "rescission for failure of consideration," which he did in filing Nunn v. LeBlanc (CVUJ09-1323).

Nunn v. LeBlanc, 4:14-cv-0905 PJH, Order of Dismissal; Order Denying Request to

Proceed in Forma Pauperis, Doc. 8, 2:22-5:6.

In Nunn v. LeBlanc, 4:14-cv-0905 PJH, District Judge Hamilton found that, "Nunn

is again seeking to obtain an order rescinding the grant of the Meridian Street property, or,

in the alternative, an order awarding damages for the value of the property plus the value

of rental proceeds." Id. at 5:15-16.  In dismissing the case, District Judge Hamilton found

that Nunn's Section 1983 and Section 1985 claims failed to state a claim on which relief

could be granted because the complaint failed to plead facts showing that Ms. LeBlanc was

a state actor. Id., 6:19-8:2.  District Judge Hamilton further found that the court lacked

subject matter jurisdiction, explaining as follows:

> Federal district courts, as courts of original jurisdiction, do not have subject matter jurisdiction to review errors allegedly committed by state courts.  Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923) ("The jurisdiction possessed by the District Courts is strictly original."); D.C. Ct.App. v. Feldman, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings.").
> 
> Under the Rooker-Feldman doctrine, federal district courts lack jurisdiction to review the propriety of state court rulings.  See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (Rooker-Feldman doctrine bars "cases brought by state-court loser complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review of those judgments").  The proper court to obtain review of a final state court decision is the United States Supreme Court.  See 28 U.S.C. § 1257; Rooker, 263 U.S. at 416; Feldman, 460 U.S. at 476.
> 
> The Rooker-Feldman doctrine applies even when the state court judgment is not made by the highest state court, Dubinka v. Judges of the Super. Ct., 23 F.3d 218, 221 (9th Cir.1994); Worldwide Church of God v. McNair, 805 F.2d 888, 893 n.3 (9th Cir. 1986); and when a plaintiff's challenge to the state court's actions involves federal constitutional issues, Feldman, 460 U.S. at 483-84.

3

Under the <u>Rooker-Feldman</u> doctrine, a federal district court's jurisdiction to hear a particular constitutional challenge depends on whether the constitutional claim is "inextricably intertwined" with the state court's ruling in a state court action. <u>Dubinka</u>, 23 F.3d at 221 (quoting <u>Feldman</u>, 460 U.S. at 483-84 n.16). If the constitutional claim presented to a district court is inextricably intertwined with the state court's decision, then the district court essentially is being called upon to review the state court decision. <u>Id.</u>

The district court lacks subject matter jurisdiction if the relief requested requires "'a mere revision of the errors and irregularities, or of the legality and correctness' of the state court judgment, not the 'investigation of a new case arising upon new facts.'" <u>MacKay v.</u> <u>Pfeil</u>, 827 F.2d 540, 545 (9th Cir. 1987). Because district courts lack power to hear direct appeals from state court decisions, they "must decline jurisdiction whenever they are in essence being called upon to review the state court decision." <u>Doe & Assocs. Law Offices</u> v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2000).

Here, the complaint plainly asserts a challenge to the decisions of the California Superior Court and the California Court of Appeal in the various lawsuits described above. <u>See</u>, <u>e.g.</u>, Cplt ¶ 23 ("state court . . . disposed of plaintiff's [p]laintiff's action on demurrer, ruling the statute of limitations as res judicata, displaying deliberate indifference against [p]laintiff without rationale or legal reasoning, and at all times disregarding [p]laintiff's due process right to litigate" the "rescission for failure of consideration" claim); ¶ 25 (plaintiff's "arguments fell on deaf ears, the Court of Appeal declining to acknowledge, address, or respond to any of [those] arguments"); ¶ 26 (Court of Appeal "deprived [p]laintiff of his only post-deprivation remedy, rendering the state procedural safeguards constitutionally inadequate"); ¶ 28 (no state court "ever cited law authorizing [d]efendant to assert a time bar against a claim severed and constitutionally bifurcated under California's bifurcation statute, and the trial court has refused every one of [p]laintiff's requests to introduce [other] testimony evidence"); ¶ 30 ("this action is based on the damage suffered by [p]laintiff resulting from joint participation or conspiracy, under color of law, of [d]efendant with the state court to unlawfully deprive" plaintiff of constitutional rights); ¶ 35 (the "decisions by the state court are contrary to judicial policy of the state of California"); ¶ 40 ("California Court of Appeal . . . unlawfully deprived [p]laintiff of his only post-deprivation remedy").

Because plaintiff is in essence asking this court to serve as an appellate tribunal to review errors allegedly committed by the California Superior Court and the California Court of Appeal in adjudicating cases to which he was a party, the court finds it lacks subject matter jurisdiction over the federal constitutional claims.

*Nunn v. LeBlanc*, 4:14-cv-0905 PJH, Order of Dismissal; Order Denying Request to

Proceed in Forma Pauperis, Doc. 8, 8:5-9:28.

In this, the sixth civil action brought by Petitioner seeking to regain title to the

Meridian Street property, Nunn "petitions the court for the judicial enforcement of a party

effected recission that is otherwise complete in every respect, statutory consequential

4

damages, quiet title to the subject property, and special damages."  Petition, 3:20-21.
Petitioner asserts that "the claims in this action do not compete with or seek to invalidate
any state court judgment, nor do these claims allege any error by the state court, and are
therefore not subject to the *Rooker-Feldman* Doctrine."  Petition, 2:7-10.

Petitioner is mistaken.  The *Rooker–Feldman* doctrine may also apply where the
parties do not directly contest the merits of a state court decision, as the doctrine "prohibits
a federal district court from exercising subject matter jurisdiction over a suit that is a de
facto appeal from a state court judgment." *Kougasian v. TMSL, Inc*., 359 F.3d 1136, 1139
(9th Cir.2004) (citing *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir.2003)). A federal
action constitutes such a de facto appeal where "claims raised in the federal court action
are' inextricably intertwined' with the state court's decision such that the adjudication of the
federal claims would undercut the state ruling or require the district court to interpret the
application of state laws or procedural rules." *Bianchi*, 334 F.3d at 898.  In such
circumstances, "the district court is in essence being called upon to review the state court
decision." *Feldman*, 460 U.S. at 483 n. 16, 103 S.Ct. 1303.  As set forth above, the issue
of the recission of the agreement to transfer the Meridian Street property to Respondent has
been repeatedly litigated in the state courts. *See Nunn v. LeBlanc*, No. CVUJ05-1527;
*Nunn v. LeBlanc*, No. CVUJ09-1323; *Nunn v. Fenswick*, No. CVUJ12-1104; *Nunn v.
Fenswick*, 4:14-cv-0905 PJH.  Thus, regardless of how Petitioner attempts to reframe his
claims, he is attempting to relitigate matters already decided by the state courts.  Petitioner
is, in essence, asking this court to review the state courts' decisions.  This court declines to
do so. *See Doe v. Assocs. Law Offices v. Napolitano*, 252 F.3d at 1030 (district courts
"must decline jurisdiction whenever they are in essence being called upon to review the
state court decision.")

Based on the foregoing, the court HEREBY DISMISSES this case for lack of

United States District Court
Northern District of California

1   subject matter jurisdiction.  The Clerk is directed to close this case.

2   **IT IS SO ORDERED**.

3

4   Dated:  December 4, 2015

5

6   _____
    NANDOR J. VADAS

7   United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California